IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMIAH SMITH
ADC #165624                                                                                         PLAINTIFF

VS.                                         4:20-CV-00527-BRW

LASHONDA JOHNSON                                                                           DEFENDANT

ORDER

I. BACKGROUND

In his Complaint, Plaintiff alleges that Defendant Lashonda Johnson, a Correctional Officer at the Tucker Maximum Security Unit used excessive force against him when she choked him during a search of his cell.[1] On July 9, 2021, a Clerk's Entry of Default was entered against Defendant. On July 28, 2021, I entered an Order granting in part and denying in part Plaintiff's motion for default judgment.[2] That Order granted Plaintiff's motion regarding Defendant's liability, but directed Plaintiff to file any affidavits, declarations, or other materials that support his damages claim within 30 days.[3]

On August 4, 2021, Plaintiff filed a Notice that included an affidavit that stated he was "requesting the small amount of $3,500" and recited his allegations about the incident.[4] Additionally, the Notice contained a copy of Plaintiff's official medical request form that

---

[1]Doc. No. 2.

[2]Doc. No. 41.

[3]*Id.*

[4]Doc. No. 44, p. 1.

1

showed he was seen by medical staff after the incident[5] and a copy of the grievance response he received from the warden that indicated his claim had merit and corrective action was taken.[6]

## II.     DAMAGES

I have considered damages awarded in other cases where a prisoner was subjected to excessive force by a correctional officer.[7]  The damages awards vary depending on the extent of the injures and the degree of medical attention required.[8]

Defendant violated Plaintiff's Eighth Amendment rights.  Defendant choked Plaintiff and left him spitting-up blood and struggling to swallow.[9]  However, Plaintiff has provided no evidence showing extensive injuries or the amount of medical treatment that resulted from the incident.  Under these circumstances, it is appropriate to award $100.00 in compensatory damages[10] and $1000.00 in punitive damages.[11]

---

[5]*Id.* at 2.

[6]*Id.* at 3.

[7]See *Estate of Davis v. Delo*, 115 F.3d 1388 (8th Cir.1997) (affirming award of $10,000 actual damages and $5,000 punitive damages where the prisoner plaintiff was struck in the head and face 20 to 25 times by a guard, suffering serious injuries as a result); *Freeman v. Franzen*, 695 F.2d 485, 493-94 (7th Cir.1982) (jury awarded inmate compensatory damages of $2,500 against one defendant and $250 each against two others; defendant prison guards "repeatedly punched and kicked Freeman in the back, face, and testicles" and plaintiff's "entire body hurt" though there was no permanent injury; the Seventh Circuit described the modest awards as "certainly not excessive"); *Williams v. Omodt*, 640 F.Supp. 120 (D.Minn.1986) (awarding compensatory damages of $5,000 where corrections officer hit and choked handcuffed inmate, causing bruising, contusions, swelling, and pain, but no permanent physical injury).

[8]*Id.*

[9]*Id.* at 2.

[10]*Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that to recover compensatory damages, Plaintiff must plead and prove an "actual, compensable injury.")

[11]*Washington v. Denney*, 900 F.3d 549, 564 (8th Cir. 2018) (holding punitive damages are appropriate in a § 1983 case when the defendant's conduct involves reckless or callous indifference to the federally protected rights of others).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff is awarded $100.00 in compensatory damages and $1000.00 in punitive damages.

IT IS SO ORDERED this 22nd day of September, 2021.

BILLY ROY WILSON<br>
UNITED STATES DISTRICT JUDGE